United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Lawrence Meyerhofer  
    Debtor

Case No. 19-10258-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Virginia     Page 1 of 1     Date Rcvd: Dec 09, 2019  
                   Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2019.  
db          +Lawrence Meyerhofer,    2485 Hieter,    Quakertown, PA 18951-3816

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                     TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2019                                        Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2019 at the address(es) listed below:  
         BRAD J. SADEK    on behalf of Debtor Lawrence Meyerhofer brad@sadeklaw.com, bradsadek@gmail.com  
         KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         KEVIN M. BUTTERY    on behalf of Creditor    DITECH FINANCIAL LLC kbuttery@rascrane.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                                       TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lawrence Meyerhofer <br> _Debtor_ | CHAPTER 13 |
| Toyota Motor Credit Corporation <br> _Movant_ <br> vs. | NO. 19-10258 AMC |
| Lawrence Meyerhofer <br> _Debtor_ | |
| William C. Miller Esq. <br> _Trustee_ | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On or before November 30, 2019, the Debtor shall cure the post-petitions arrears in the amount of $1,351.15, which represents one monthly payments of $300.46 for August 2019 and three monthly payments of $350.23 for September 2019 to November 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due December 31, 2019 in the amount of $350.23.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

Date:  November 18, 2019     By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 11/25/19

Brad J. Sadek, Esquire
Attorney for Debtor

Date: 11-26-19

JACK William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 9th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan