# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Lawrence Meyerhofer,**<br><br>          **Debtor,**<br><br>**New Residential Mortgage LLC,**<br>          **Movant,**<br><br>**v.**<br><br>**Lawrence Meyerhofer,**<br><br>          **Debtor/Respondent,**<br><br>**Tiffany Meyerhofer,**<br><br>          **Co-Debtor/Respondent,**<br><br>**WILLIAM C. MILLER, Esq.,**<br><br>**Trustee/Respondent** | **Bankruptcy No. 19-10258**<br><br>**Chapter 13**<br><br>**Hearing Date: May 5, 2020**<br>**Hearing Time: 11:00 AM**<br>**Location: 900 Market Street, Suite 400, Philadelphia, PA 19107, Courtroom #4** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, New Residential Mortgage LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Lawrence Meyerhofer and Tiffany Meyerhofer filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on January 15, 2019. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2. On December 29, 2015, Lawrence Meyerhofer and Tiffany Meyerhofer executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of

the Note in the amount of $414,000.00 to Finance of America Mortgage.  A true and correct copy of the Note is attached hereto as **Exhibit "A."**

3. The Mortgage was recorded on January 13, 2016 in Book __ at Page 2016002284 of the Public Records of Bucks County, Pennsylania.  A true and correct copy of the Mortgage is attached hereto as **Exhibit "B."**

4. The Mortgage was secured as a lien against the Property located at 2485 Hieter Rd Quakertown Pennsylvania 18951  ("the Property").

5. The loan was lastly assigned to Ditech Financial LLC and same was recorded with the Bucks County Recorder of Deeds on January 13, 2016 as Instrument Number 2016002284. A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit "C."**

6. Based upon the Debtor(s)' Chapter 13 Amended Plan (Docket No.25), the property is treated outside the plan and Secured Creditor will receive payments directly. A true and correct copy of the Amended Plan is attached hereto as **Exhibit "D."**

**7.**  Co-Debtor(s), Tiffany Meyerhofer are liable on and/or has secured the aforementioned debt with the Debtor(s).

8. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $2,853.51 which came due on January 1, 2020, and February 1, 2020, respectively.

9. Thus, post-petition arrearage totaled the sum of  $4,014.93 with a suspense of $1,692.06. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since January 1, 2020.

10. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay

and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1): and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

11. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

12. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

13. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit New Residential Mortgage LLC to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: April 13, 2020

> <FIRM NAME>
> Attorney for Secured Creditor
> <ADDRESS>
> <CITY/STATE/ZIP>
> Telephone: <###-###-####>
> Facsimile: <###-###-####>
> By: /s/_____
> XXXXXXX XXXXXXX, Esquire
> PA Bar Number  XXXXXXX
> Email: XXXXXXX

Lawrence Meyerhofer
19-251825
MFR